IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROY C. FAUST, and ANGUS M. RUSHLOW, | ) )  ) |
| Plaintiffs, | ) )  ) |
| vs. | ) )  CA No. 06-1536 |
| MARTHA M. COAKLEY, PETER D'ANGELO, LINCOLN S. JALELIAN, SARA CONCANNON, MARK WALTERS, TANYA K. KARPIAK, MARK MULLIGAN, MICHAEL A. GISO, THOMAS F. GEAGAN, JR., KEVIN A. CUPOLI, BRADFORD JOSEPH STURNIOLI, CITY OF NEWTON | ) )  ) )  ) )  ) )  ) JURY TRIAL DEMANDED )  ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

I.    **Introduction**

Plaintiffs Roy C. Faust, a resident of Pennsylvania, and Angus M. Rushlow, a resident of Massachusetts ("Plaintiffs"), filed this action, *pro se*, on November 17, 2006, against Massachusetts Prosecutors Martha M. Coakely, Peter D'Angelo, Lincoln S. Jalelian, Sara Concannon, Mark Walter, Tanya Karpiak, and Mark Mulligan ("Prosecutor Defendants"), Massachusetts State Police Officer Michael A. Giso ("Defendant Giso"), Thomas F. Geagon Jr., Kevin A. Cupoli, Bradford Leitch, and Joseph Sturnioli ("City of Newton police officer Defendants"), and the City of the Newton Massachusetts ("Defendant Newton"), seeking redress under 42 U.S.C. §§ 1983 and 1985 claiming that the Defendants' actions caused harm to the Plaintiffs' reputations, trade, and business, in

1

addition to causing severe emotional distress. Before this Court are motions to dismiss based upon, *inter alia*, lack of personal jurisdiction (Doc. Nos. 21, 25, and 44), and a motion to dismiss or transfer by Prosecutor Defendant Tanya Karpiak (Doc. No. 47). For the reasons discussed below, the motions to dismiss will be GRANTED based upon this Court's lack of jurisdiction. The motion to transfer (Doc. No. 47) will also be GRANTED.

II.    **Factual Background**

Plaintiffs' Complaint purports to set forth claims under the Fourth, Sixth, and Fourteenth Amendments, the Civil Rights Act, 42 U.S.C.A. § 1983, 42 U.S.C.A § 1985, the Uniform Commercial Code, Massachusetts statutory law, and the common law of contracts. (Doc. No. 6, ¶ 16). Plaintiffs seek compensatory damages, punitive damages, attorney's fees, and reasonable costs and expenses. (Doc. No. 6).

Plaintiffs' claims are based upon the following factual scenario set forth in their Complaint which this Court has summarized. On July 8, 2001, Plaintiffs were within the Commonwealth of Massachusetts executing a Pennsylvania bail bond contract issued by Liberty Bail Bonds of Pittsburgh, Pennsylvania for the arrest of Barry Karpiak ("Karpiak"), brother of Prosecutor Defendant Tanya Karpiak. (Doc. No. 6, ¶19). Plaintiffs were parked on a road in Waban, Massachusetts in an automobile registered in Massachusetts to Plaintiff Rushlow, when City of Newton police officer Defendant Bradford Leitch, responding to a call at the above stated place, approached Plaintiffs and questioned them on their activities. *Id.* at ¶ 20. After responding, Defendant Leitch left the Plaintiffs to execute their contract but requested that they inform the Newton police

2

department upon their departure from the city when they had custody of Karpiak. *Id.* at ¶ 21.

Once Plaintiffs had Karpiak in custody, they notified the Newton police. *Id.* at ¶ 25. Shortly thereafter, Prosecutor Defendant Tanya Karpiak contacted the Newton Police about her brother's apprehension and, according to Plaintiffs, made statements influencing the subsequent actions of the Newton Police Officer Defendants. *Id.* at ¶ 27. Defendant Cupoli called Plaintiffs requesting that they come back to Newton with Karpiak and informed them that they would not be arrested for kidnapping. *Id.* at ¶ 28. When en route back to Newton, they were stopped by State Police Officer Defendant Michael Giso, who then removed the Plaintiffs from their car and performed a search of them and the automobile. *Id.* at ¶ 29-30. Defendant Giso then escorted Plaintiffs to the Newton police department where Defendant Giso again searched the vehicle. *Id.* at ¶ 31.

During the search at the police department, a black powder handgun, 12 gauge shotgun shell, and a box of .38 cal. shells were collected from Plaintiff Rushlow's vehicle and were placed in the possession of Defendant Officer Joseph Sturnioli. *Id.* at ¶33. Once at the police department, Plaintiffs turned Karpiak over to the Newton police. *Id.* at ¶ 36-27. Criminal complaints, stemming from a report completed by Defendant Giso, were filed against Plaintiffs for unlawful possession of a gun and ammunition and Mr. Karpiak was released to his sister, Prosecutor Defendant Tanya Karpiak. *Id.* at 39-40.

On July 9, 2001, Plaintiff Rushlow appeared in a Massachusetts court seeking custody of Karpiak by way of a bail motion. (Doc. No. 6, ¶ 41). The court denied the motion. *Id.* On July 13, 2001, Newton Police Officers informed Plaintiffs they could not

lawfully arrest Karpiak. *Id.* at ¶ 44. On July 16, 2001, Newton Police Officer Defendant Kevin Cupoli requested a probable cause hearing on the criminal charge of kidnapping. (Doc. No. 6, at ¶ 46). The trial of the criminal case against Plaintiff Rushlow began on September 14, 2001 in a Massachusetts state court. Subsequently, on November 5, 2001, all gun and ammunition charges were dismissed. *Id.* at ¶ 47. However, in April, 2002, the kidnapping and gun charges were reinstated against Plaintiff Rushlow. (Doc. No. 6, ¶ 48-49). On July 11, 2002, Plaintiff Faust also answered a summons to appear in a Cambridge, Massachusetts court on the charges of kidnapping, assault and battery, and possession of ammunition. *Id.* at ¶ 50.

In April of 2003, Barry Karpiak passed away. *Id.* at ¶ 54. In June of 2003, all charges against the Plaintiffs were dismissed except the kidnapping charge. *Id.* at ¶ 55-56. Plaintiffs were then tried on the charge of kidnapping in the Middlesex Superior Court, Cambridge, Massachusetts in November 2003 and found not guilty. *Id.* at ¶ 62. Thereafter, Prosecutor Defendant Tanya Karpiak instituted a civil action on behalf of her deceased brother, Mr. Karpiak, against the Plaintiffs in a Massachusetts court. That suit was ultimately dismissed before trial. (Doc. No. 6, ¶ 63-64).

Plaintiffs' present action seeks recovery for alleged harm to their reputations, trade, and business, and for severe emotional distress. *Id.* at ¶ 66-67. All of the named Defendants have moved to dismiss the Plaintiffs' Complaint on various grounds. The Newton Police Officer Defendants filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(2), on March 23, 2007, arguing that this Court lacks personal jurisdiction over them according to Fed. R. Civ. P. 4(e). (Doc. No. 21). Additionally, these Defendants

4

have moved to dismiss for insufficiency of process, pursuant to Fed. R. Civ. P. 12(b)(5).

Prosecutor Defendants filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1), (2), (3), (5), and (6), arguing, *inter alia* , lack of personal jurisdiction and insufficient service of process. (Doc. No. 25). Massachusetts State Police Officer Defendant Giso also filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1), (2), (3), and (6), arguing, *inter alia*, that this Court lacks personal jurisdiction. (Doc. No. 44). Lastly, Prosecutor Defendant Tanya Karpiak filed a motion to dismiss or, alternatively, a motion to transfer, also on the grounds that this Court lacks personal jurisdiction. This Court agrees that it lacks personal jurisdiction over the Defendants and the more appropriate forum for the Plaintiffs' claims is Massachusetts.

III.     **Standard of Review**

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant is permitted to bring a motion contesting the court's exercise of personal jurisdiction over him. *Fed. R. Civ. P. 12(b)(2)*. Once a defendant has raised the issue of lack of personal jurisdiction, the burden then shifts to the plaintiff to prove that the court has the power to adjudicate the action because jurisdiction over the defendant is proper. *Carteret Sav. Bank, F.A. v. Shusham*, 954 F.2d 141, 146 (3rd Cir. 1992). It is critical that the plaintiff establish personal jurisdiction because unlike state courts, federal courts are courts of limited jurisdiction. *Jarzynka v. St. Thomas Univ. Sch. of Law*, 323 F. Supp. 2d 660, 662 (W.D. Pa. 2004).

In response to a Rule 12(b)(2) motion, a plaintiff must prove that the court has the requisite authority to exercise personal jurisdiction over a defendant through either

"sworn affidavits or other competent evidence." *Time Share Vacation Club v. Atl. Resorts*, 735 F.2d 61, 66 (3rd Cir. 1984). In ruling on a motion to dismiss, a district court "must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3rd Cir. 1996). "At no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's *Rule 12(b)(2)* motion to dismiss for lack of in personam jurisdiction." *Silva v. Maryland Screen Printers, Inc.*, 2005 U.S. Dist. LEXIS 41250, 2, citing *Time Share*, 735 F.2d at 66.

There has been no evidentiary hearing in this case, however, this Court may rely upon the facts sufficiently plead and relied upon by the parties in their pleadings to make a determination on the issue of jurisdiction. See *Miller Yacht Sales v. Smith*, 384 F.3d 93 (3rd Cir. 2004) (the decision to hold an evidentiary hearing is discretionary and a court may base its ruling on the parties' submissions and arguments); see also *Drelles v. Metro. Life Ins. Co.*, 90 Fed. Appx. 587 (3rd Cir. 2004) (failure to conduct an evidentiary hearing is not reversible error and a hearing must only be held where the court cannot fairly decide disputed questions of fact without it). If there has been no evidentiary hearing or discovery, a plaintiff must only make a prima facie showing of jurisdiction. *Silva*, 2005 U.S. Dist. LEXIS at 2, citing *Carteret*, 954 F.2d at 142. If a prima facie case is made, a plaintiff must still prove personal jurisdiction by a preponderance of the evidence. *Id.*

The City of Newton Police Officer Defendants and Prosecutor Defendants have challenged the instant action under Rule 12(b)(5) of the Federal Rules of Civil Procedure, contesting the sufficiency of service of process of the complaint. *Fed. R. Civ. P. 12(b)(5)*. Pennsylvania's long arm statute permits service of process over defendants

6

only when there are sufficient contacts to permit a court's exercise of jurisdiction over him. *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 195-96. (3rd Cir.); citing 5A Wright and Miller, *Federal Practice and Procedure: Civil 2d* § 1353 at 279 (1990) ("service of process is...the means by which a court gives notice to defendant and *asserts jurisdiction over him*") (emphasis added). In other words, a court must have the authority to exercise personal jurisdiction over a defendant before he may be properly served within the court's forum. Therefore, if a case is transferred on the basis of jurisdiction, a plaintiff is "obligated to effect service in the new forum...following the transfer." *McCurdy*, 157 F.3d at 196.

IV.        **Discussion**

A.        **Personal Jurisdiction**

Under the Federal Rules of Civil Procedure, a federal court with diversity jurisdiction may exert personal jurisdiction over a non-resident defendant according to the laws of the state in which the court resides. Fed. R. Civ. P. 4(e). Here, Pennsylvania's long-arm statute, found at 42 Pa. C.S.A. § 5322(b), allows personal jurisdiction "to the fullest extent allowed under the Constitution of the United States," and such jurisdiction may be based upon the most minimum contacts with the state. 42 Pa. C.S.A. § 5322(b); see also *Mellon Bank (East) PSFS v. Farino*, 960 F.2d 1217, 1221 (3rd Cir. 1992). Accordingly, operation of the Pennsylvania long-arm statute is restricted solely by the Due Process Clause of the 14th Amendment of the United States Constitution. *Silva*, 2005 U.S. Dist. LEXIS 41250, 6.

7

Under the Due Process Clause, a district court may exercise jurisdiction over a non-resident defendant only when that defendant has specific "minimum contacts" with the forum state so that it is reasonable for the defendant to anticipate being called into court there. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Constitutional limitations prevent a district court from exercising jurisdiction where such exercise fails to protect a defendant's individual liberty interest in not being bound by a judgment of a state where he has no minimum contacts. *Burger King v. Rudzewicz*, 471 U.S. 462, 471-72 (1985). This limitation on suits seeks to maintain "traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316.

In conjunction with the minimum contacts analysis, the Court must determine whether specific jurisdiction as well as general jurisdiction exist over the non-resident Defendants. Both general jurisdiction and specific jurisdiction must be established for a court to exercise in personam jurisdiction over a non-resident defendant. General jurisdiction will be found when a defendant's activities within a forum state are "continuous and systematic," hence, the claims of the action need not arise out of the defendant's conduct within the forum state. *Jarzynka*, 323 F.Supp.2d at 662, citing *Dollar Sav. Bank v. First Sec. Bank of Utah*, 746 F.2d 208, 212 (3rd Cir. 1984). General jurisdiction allows a court to exercise jurisdiction over a defendant "regardless of whether the subject matter of the cause of action has any connection to the forum." *Farino*, 960 F.2d at 1221. On the other hand, specific jurisdiction exists when the claims are "related to or arise[s] out of the defendant's contacts with the forum." *Id.*, quoting

8

*Dollar Sav. Bank*, 746 F.2d at 211.  This type of jurisdiction focuses on the minimum contacts between the defendant and the forum in determining whether the defendant could have "reasonably anticipate[d] being haled into court there."  *Pennzoil Products Co. v. Colelli & Assoc.*, 149 F.3d 197, 200 (3rd Cir. 1998), citing *World-Wide Volkswagen*, 444 U.S. at 297.  Specific jurisdiction requires "some act by which [a] defendant purposefully avail[ed] [himself] of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws."  *Jarzynka*, 323 F.Supp.2d at 662.  However, even if minimum contacts are established, a court's exercise of personal jurisdiction still must comply with "fair play and substantial justice."  *International Shoe*, 326 U.S. at 316.

Accordingly, the Court must first analyze whether there are sufficient minimum contacts between the named Defendants and Pennsylvania in order to find specific jurisdiction and comport with Due Process limitations in the exercise of jurisdiction over the non-resident Defendants.

Plaintiffs argue, citing Pennsylvania's long-arm statute, that the following contacts between the Defendants and the forum state establish specific jurisdiction:  (1) the actions of Defendants within Massachusetts caused harm to the Plaintiffs personally and to their trade within Pennsylvania; (2) Plaintiffs were attempting to execute a Pennsylvania contract when the Defendants' conduct caused alleged harm; and (3) Plaintiff Roy Faust is a resident of Pennsylvania.  (Doc. No. 52).  These contacts are insufficient to permit the exercise of specific jurisdiction given the claims which the Plaintiffs raise.

Plaintiffs' argument misconstrues the concept of specific jurisdiction. In addition to the need for minimum contacts between a defendant and the forum state, due process requires that those minimum contacts have a relationship to the underlying claims. In other words, the Defendants' contacts must be essential to the claim. Here, the contacts alleged by the Plaintiffs are "too attenuated" for there to be a proper exercise of specific jurisdiction by this Court. *Jarzynka*, 323 F.Supp.2d at 663, citing *World-Wide Volkswagen*, 444 U.S. at 299; and *Hanson*, 357 U.S. at 251. To that end, none of the Defendants were a party to the Pennsylvania contract nor did any of the alleged harm arise out of any act performed in this Commonwealth. Plaintiffs' Complaint also fails to set forth any connection between the Defendants and the Commonwealth of Pennsylvania. Furthermore, the Defendants, by their actions within Massachusetts, could not have reasonably anticipated being haled into a court of this Commonwealth in an action related to conduct which occurred wholly outside this State and actions that were taken in the course of the Defendants' duties as public employees of Massachusetts. *Pennzoil*, 149 F.3d at 200 .

If a plaintiff cannot establish specific jurisdiction, a court may exercise general jurisdiction if it finds that a defendant has "continuous and systematic" relations with the forum state; relations that may be wholly unrelated to the conduct of the underlying claim. *International Shoe*, 326 U.S. 310; see also *Reading v. Sandals Resorts Int'l, Ltd.*, 2007 U.S. Dist. LEXIS 22230, 6 (D.N.J. 2007). In order for a court to exert general jurisdiction, there must be more than just "mere minimum contacts," and the facts establishing general jurisdiction need to be "extensive and persuasive." *Reading*, 2007

U.S. Dist. LEXIS at 6-7, citing *Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587 (3rd Cir. 1982).

It has already been established that at the time of the complained of occurrences, all of the non-resident Defendants resided and worked within the Commonwealth of Massachusetts.   All of the conduct relating to the Plaintiffs' claims arose within Massachusetts.   Furthermore, both the criminal charges and the civil suit brought by Prosecutor Defendant Tanya Karpiak, which the Plaintiffs cite as the basis of their claims, were brought within Massachusetts. Given these facts, this Court cannot find that the non-resident Defendants have maintained "continuous and systematic" relations with Pennsylvania in order for this Court to exercise general jurisdiction.

Further, Plaintiffs have also failed to show that the Defendants have availed themselves of the laws and privileges of Pennsylvania or of the privilege of doing business here.   Thus, this Court cannot assert jurisdiction over the Defendants on such basis.

It is worth discussing that even if the Plaintiffs had established the requisite minimum contacts in order for this Court to properly exercise jurisdiction, it would nevertheless decline to do so based upon constitutional limitations.   After a plaintiff has established minimum contacts, personal jurisdiction may only be exercised if in doing so it would comply with "traditional notions of fair play and substantial justice." *Vertotex Certainteed Corp. v. Consolidated Fiber Glass Prods., Co.*, 75 F.3d 147, 150-51 (3rd Cir. 1996) (citations omitted).   The burden then rests with the defendant to establish other factors that would make the exercise of jurisdiction unreasonable. *Allegheny Techs., Inc.*

11

*v. Strecker*, 2007 WL 852547, 12 (W.D. Pa. 2007). These factors include: 1) the burden on the defendant; 2) the forum state's interests in adjudicating the dispute; 3) the plaintiff's interest in obtaining efficient resolution of controversies; and 4) the shared interests of the judiciary and States in promoting efficiency and furthering fundamental social policy. *Allegheny*, 2007 WL at 12.

Taking into consideration the above factors, it is clear that requiring the Defendants to appear in this Court here in western Pennsylvania would place a substantial burden on their ability to resolve this case, due to cost, time, and travel. Furthermore, since all of the underlying occurrences arose in Massachusetts and any property that could be subject to payment of any judgment arising out of the claim is also located there, Pennsylvania does not have a substantial interest in the outcome of the Plaintiffs' claims. However, Massachusetts does have a significant interest in deciding this matter because the Plaintiffs' claims are against Massachusetts state and local employees. Moreover, related actions to this claim, both civil and criminal, were brought in the courts of Massachusetts. Hence, pursuing the present claim in Massachusetts would clearly advance the goal of efficient resolution of this action. *Id.* at 13. Lastly, the interests of efficiency and "general social policy favor resolution of the parties' underlying disputes" in a Massachusetts court. *Id.*

After careful consideration, this Court concludes that these factors also weigh heavily against the balance for jurisdiction. *Id.* at 12-13. Accordingly, jurisdiction more properly lies in Massachusetts.

12

**B.      Sufficiency of service of process**

Since it has been established that this Court lacks jurisdiction over the Defendants, the service of the complaint upon the Defendants is ineffective because the Defendants have insufficient contacts to trigger Pennsylvania's long arm statute. *McCurdy*, 157 F.3d at 195. Once transfer of this action is effectuated, the Plaintiffs are obligated to effect service in the new forum to invoke the jurisdiction of the Massachusetts court. *Id.* at 196.

**C.      Venue**

Even if a court concludes that it may exercise personal jurisdiction over non-resident defendants, it may still dismiss the action based on improper venue. Plaintiffs claim jurisdiction based on diversity of the parties and the federal questions raised in the Plaintiffs' Complaint. Therefore, the issue of venue of this action is governed by 28 U.S.C. § 1391(b), which permits venue to be properly laid in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). It is clear from the pleadings that none of the requirements set forth above are met. First, none of the Defendants live or work within Pennsylvania and none of the occurrences underlying the claims of this action, outside of the initial issuance of the bail contract, occurred in Pennsylvania. Secondly, any and all Defendants may and

can be found within the Commonwealth of Massachusetts. Thirdly, any property that would be subject to payment of judgment arising out of this action is more likely to be found in Massachusetts. Hence, Massachusetts is where this action could have been more properly filed.

For these reasons, venue in this Court is improper and this action may transferred according to the language of 28 U.S.C. § 1406(a), which directs, in the absence of proper venue, that the Court dismiss the action, or if in the interests of justice, transfer it to another district where it might have been brought. Due to the procedural status of this action and the fact that other related actions have been brought and resolved in Massachusetts, this Court will transfer instead of dismiss outright.

### D.      Inconvenience of the Parties

When considering a transfer, a court may evaluate the convenience of the parties, the witnesses, and the interests of justice. *Allegheny*, 2007 WL 852547, 15. A plaintiff's choice of venue is given deference but the Court must also consider other private and public factors. *Id.,* citing *Jumara v. State Farms Inc.*, 55 F.3d 873, 879 (3rd Cir. 1995). The private factors include the plaintiff's interests, the availability and location of witnesses for trial, and the location of the books, records, or other documents that could be evidence. *Id.* The public factors include the "enforceability of the judgment," things that could make the trial run smoother and easier, time and cost-saving factors, "relative administrative difficulties" relating to court problems, the policies of the forum, and "the local interest in deciding local controversies at home." *Id.*, citing *Jumara*, 55 F.3d at 879.

14

Since this Court has already concluded that it does not have personal jurisdiction, the Plaintiffs' choice of forum in Pennsylvania is of little significance. *Allegheny*, 2007 WL 852547, 16. Furthermore, only one party to this action, Plaintiff Faust, is a resident of Pennsylvania. Any witnesses to the action that either party may call, this Court can assume, are located outside this Commonwealth since almost all of conduct underlying the instant claim occurred in Massachusetts. Furthermore, any documents that could be admissible as evidence will likely be found in Massachusetts.

Certainly this action can be more efficiently and effectively resolved in the forum where the complained of occurrences took place and where all of the Defendants reside. Moreover, any judgment would be more properly enforced in Massachusetts. This Commonwealth has little, if any at all, interest in the outcome of this claim. Conversely, as mentioned above, Massachusetts has significant interests in deciding this matter because the Plaintiffs' claims are against Massachusetts state and local employees.

For these reasons, this Court concludes that the convenience of the parties and witnesses, and the interests of justice further weigh in favor of transferring this action to a district court in the Commonwealth of Massachusetts.

### E.    Motion To Transfer

When a court lacks personal jurisdiction over a non-resident defendant, it may dismiss the action or transfer the case to the proper forum in which it could have originally been brought. The case law concerning the most appropriate statutory authority for transferring an action due to lack of personal jurisdiction evidences differing answers among the Circuit Courts. However, there is authority for such a

15

transfer under 28 U.S.C. § 1404(a), § 1406(a), and §1631. *Allegheny*, 2007 WL 852547 at 2. A court may dismiss, or alternatively, transfer the action under 28 U.S.C. §§ 1404(a) or 1406(a).[1] Additionally, a court lacking jurisdiction may transfer a case to a more proper forum based on the authority of 28 U.S.C. § 1631.[2] *Allegheny*, 2007 WL 852547 at 2.

Under the instant facts and since this Court does not have personal jurisdiction over the named Defendants, authority to transfer the action can be found under § 1406(a). The language of § 1406(a), specifically the term "wrong district," allows a court to remove the obstacles of improper venue by transferring an action to promote the orderly and expeditious adjudication of a case on its merits while protecting the plaintiff from the running of the statute of limitations. *Allegheny*, 2007 WL 852547, 7, n.10, citing *Imundo v. Pocono Palace, Inc.*, 2002 WL 31006143, 2 (D.N.J. 2002). Since none of the Defendants are residents of Pennsylvania, the events giving rise to the claims did not arise here, and any property that could be subject to payment of any judgment on the claim is not situated here, there is little reason for this Court to assume jurisdiction. Rather, the instant action would be more properly adjudicated before the United States District Court for the District of Massachusetts.

---

Section 1404(a) states that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1406(a) provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Section 1631 provides that whenever "a court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action…to any other such court in which the action could have been brought at the time it was filed." 28 U.S.C. § 1631.

It is worth noting that when a court is asked to transfer an action to another federal court, the original action is not "defeated." *Nascone v. Spudnuts, Inc.*, 735 F.2d 763 (3rd Cir. 1984). The venue of the action is simply changed. *Id.* at 771. Therefore, this case will be dismissed and transferred without prejudice to the Plaintiffs' ability to re-file their complaint in the District Court of Massachusetts. *80sTees.com, Inc. v. Sigma Micro Corp.*, 2006 U.S. Dist. LEXIS 82576, 8 (W.D. Pa. 2006).

Accordingly, it is ordered that Prosecutor Defendant Tanya Karpiak's motion to dismiss and alternative motion to transfer be granted in the form of transfer of this action to the United States District Court for the District of Massachusetts, under 28 U.S.C. § 1406(a), authorizing transfer or dismissal due to improper venue. Because this Court has concluded that it lacks personal jurisdiction over the Defendants, this Court is, under 28 U.S.C. §1391, an improper venue for this action, and this action would be more appropriately pursued if brought in Massachusetts, where the conduct occurred and where all Defendants reside and work. Further, the City of Newton Police Officer Defendants, Prosecutor Defendants, and Defendant State Police Officer Giso's motions to dismiss are also granted on the basis that this Court lacks personal jurisdiction. In that respect, Plaintiffs' claims are dismissed without prejudice and will be transferred to the United States District Court for the District of Massachusetts for adjudication in that forum.

Accordingly, on this 28th day of June, 2007, Defendants' Motions to Dismiss (Doc. Nos. 21, 25, and 44), are **GRANTED** in part, and the Motion to Dismiss or Transfer by Prosecutor Defendant Tanya Karpiak (Doc. No. 47) is **GRANTED**, without

17

prejudice to the Plaintiffs' refiling the instant action in Massachusetts.   Accordingly, this matter is forthwith transferred to the United States District Court for the District of Massachusetts, by way of the following order.

Nora Barry Fischer,
United States District Judge

18